# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KENON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02605-TLP-tmp |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Kenon Shelby, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's complaint concerns his time in custody at Shelby County Jail (SCJ). (ECF No. 1 at PageID 2.) The Court issued an order granting leave to proceed in forma pauperis and assessing the civil filing fee under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 4.) The Clerk is to record the Defendants as the State of Tennessee; Bill Oldham, Sheriff of Shelby County; Lieutenant First Name Unknown (FNU) Robinson; Captain FNU Davis; Chief FNU Mcgee; L. Austin; Mark Lutrell; Amy Weirich, District Attorney of Shelby County; and Robert Moore, Chief Jailer at SCJ.

## I. Plaintiff's Allegations

Plaintiff alleges that the electronic law library at SCJ is inadequate to satisfy his asserted constitutional right to a law library. (ECF No. 1 at PageID 2.) Plaintiff asserts that he must be

provided access to the physical law library on the fifth floor of the jail and to a "paralegal assistant with material to help me" prepare a defense against the prosecution. (*Id.* at PageID 2–3.) Plaintiff seeks $80,000 in compensatory damages. (*Id.* at PageID 3.)

## II. Screening Analysis

### A. Legal Standard

The Court has to screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

To assess whether the complaint here states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), the Court applies the standard from *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 still requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But pro se litigants are not exempt from the Federal Rules of Civil Procedure requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Plaintiff filed his complaint under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States, (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### B. Application to Case at Bar

#### 1. State of Tennessee

Plaintiff has no valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from

suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff does not allege that any named Defendant is responsible for the purportedly inadequate electronic law library or limiting his access to the physical law library at SCJ. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's complaint fails to state a claim against any Defendant in his or her individual capacity.

### 2. Individual Defendants and Local Government

Plaintiff fails to assert any claim against Sheriff Oldham, District Attorney Weirich, or any other Shelby County Defendant in their official capacities. The Court construes those claims to be against Shelby County. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged

4

constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original). Plaintiff does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

### 3. Access to Courts and Legal Resources

Nor does Plaintiff state a cause of action for denial of access to the courts. Prisoners retain a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)). That right "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). To protect this right, prison authorities must "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted); *see Thaddeus-X*, 175 F.3d at 394.

5

Plaintiff does not allege that Defendants' failure to provide adequate legal resources at SCJ hindered his efforts to pursue a legal claim. Plaintiff acknowledges that he had access to an electronic law library and does not explain why that did not satisfy his right to access the courts. Because SCJ provided an electronic legal library, it need not also provide him with assistance from a paralegal. *See Knop v. Johnson*, 977 F.2d 996, 1003 & n.5 (6th Cir. 1992) (emphasizing that *Bounds* held that "prisoners must be provided adequate law libraries '*or*' adequate assistance from persons with legal training" (emphasis added)).[1]

The Sixth Circuit gives the district court discretion to allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due

---

[1] Plaintiff claims he needed a paralegal to help him prepare a defense against prosecution. (ECF No. 1 at PageID 2.) But he does not allege he was ever denied his right to an attorney. U.S. Const. amend VI. In any event, a § 1983 suit is not the appropriate vehicle for a denial of counsel claim. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would invalidate his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). An assertion that Plaintiff was denied counsel would raise a claim that, if found to have merit, would dispute the validity of his conviction.

process and does not infringe the right of access to the courts."). Here, the Court determines that leave to amend is not warranted.

   III. Conclusion

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune from that relief, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). Leave to amend is DENIED.

The Court must also consider whether an appeal by Plaintiff here would be taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed before serving Defendants but also has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is CERTIFIED, then, under 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee should Plaintiff appeal this dismissal. A certification that an appeal is not taken in good faith does not affect an indigent-prisoner-plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. If Plaintiff wishes to benefit from the installment procedures for paying the appellate filing fee, then he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and

a current, certified copy of his inmate trust account for the six months before the filing of the notice of appeal.

For purposes of future filings, per 28 U.S.C. § 1915(g), this is the first time one of Plaintiff's cases has been dismissed as baseless or for failure to state a claim. This strike will take effect once the Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

**SO ORDERED**, this 8th day of April, 2019.

                                      s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE